# **AFFIDAVIT**

I, Craig A. Graham, being duly sworn, depose and state as follows:

1.　　I am a Special Agent with the Federal Bureau of Investigation (FBI), and I am assigned to the Boston Field Office, Providence, Rhode Island. I have been an FBI agent since 2010. As part of my duties, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement, and transportation of minors, including but not limited to, violations of 18 U.S.C. §§ 2422, 2251, 2252, and 2252A. I have received training in the investigation of internet crime, child exploitation, transportation of minors, and child sexual abuse, and have observed and reviewed examples of child pornography (as defined in 18 U.S.C. § 2256).

2.　　I am investigating the activities of OWEN BATISTA ("BATISTA") with a date of birth of xx/xx/1994. This affidavit is submitted in support of a criminal complaint and arrest warrant for BATISTA. As will be shown below, there is probable cause to believe that: (i) on or about October 21, 2020, in the District of Rhode Island, BATISTA possessed child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (Count One); and (ii) on or about August 6, 2020, in the District of Rhode Island, BATISTA distributed child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

3.　　The statements in this affidavit are based in part on information provided by FBI agents in Salt Lake City, Utah, and on my investigation of this matter. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth the facts that I believe establish probable cause to believe that BATISTA committed violations of the aforementioned criminal statutes.

## **STATEMENT OF PROBABLE CAUSE**

4.      On August 6, 2020, a law enforcement officer in Salt Lake City, Utah, was operating in an online undercover capacity utilizing the application LiveMe to identify individuals who were involved with the sexual exploitation of children. LiveMe is a free mobile application that can be downloaded on Android or iOS devices and permits users to stream live video of themselves to an anonymous audience of LiveMe users. Those users can post comments and interact with people in the video, i.e. give instructions or commands to the user. The application allows users to create groups where like-minded individuals can chat/text other users and post videos and images. LiveMe creates a unique identifier, typically a string of numbers, for each user. Each user has the ability to create a screen name which can be changed at any time.

5.      While the undercover employee was operating on LiveMe in August 2020, an individual with LiveMe profile identifier 271275968, using screen name "xXMAMI_CrazyXx" posted two links in a group chat titled "Links," of which the individual was a member. The group "Links" was identified by the undercover officer as a child pornography group where members had distributed videos/images of prepubescent age children engaged in sexual contact with adults and other children. This distribution was done via links which directed members to online digital storage folders typically known as "Mega" links.

6.      Mega or Mega.nz is a cloud storage and file hosting service offered by Mega Limited, a New Zealand based company. The service is offered primarily through web-based mobile applications. To use the application, a user can download the application to a mobile phone or other mobile device via a service such as Google Play Store, Apple iTunes, or another similar provider. Once downloaded and installed, the user can store and share files through links.

7.      The undercover officer accessed the Mega link posted by xXMAMI_CrazyXx which was a folder containing 738 files. The observed files were all mp4 video files. Eighteen of

the videos were downloaded by the undercover officer as a sample. Seventeen of these eighteen videos depicted the sexual abuse of children. I reviewed the files which included the following:

    a.    A file named "VID-20160808-WA0177" was a video depicting a prepubescent girl laying on a mattress with her vagina exposed while an adult male filmed her, masturbated, and touched the girl's vagina.  The girl appeared to be 7 to 10 years old.

    b.    A file named "VID-20160816-WA0048" was a video depicting an adult male having anal sex with a prepubescent girl while she laid on her back and held her ankles above her head.

    c.    A file named "VID-20160818-WA0146" was a video depicting an infant, under 1 year old, sleeping nude on a floor.  An adult male was filming while standing over the infant masturbating.  The male then inserted the tip of his penis into the infant's mouth causing the infant to wake and begin crying.

8.    In response to a subpoena sent by the FBI, LiveMe provided the following subscriber information associated with the username xXMAMI_CrazyXx, profile identifier 271275968:

| | |
|---|---|
| Username: | xXMAMI_CRAZYXx |
| SID: | 271275968 |
| Date of Birth: | xx/xx/1999 |
| Email: | jbatista112699@gmail.com |

LiveMe also provided Internet Protocol ("IP") address logs which identified the most recent and consistent IP address logging into the account as 74.97.19.226.  An IP address is a unique number used by a computer or other digital device to access the Internet. An IP address looks like a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).  Every computer or device accessing the Internet must be assigned an IP address

so that Internet traffic sent from and directed to that computer or device may be directed properly from its source to its destination. Most Internet Service Providers (ISPs) control a range of IP addresses. IP addresses can be "dynamic," meaning that the ISP assigns a different unique number to a computer or device every time it accesses the Internet. IP addresses might also be "static," if an ISP assigns a user's computer a particular IP address that is used each time the computer accesses the Internet. ISPs typically maintain logs of the subscribers to whom IP addresses are assigned on particular dates and times.

9. The FBI then submitted a subpoena to Verizon requesting subscriber information for IP address 74.97.19.226. Verizon identified the following account information and address:

| | |
|---|---|
| IP Address: | 74.97.19.226 |
| Start time: | 2020-03-02 @ 20:16:08(GMT) |
| Stop time: | Still assigned on the date of the request. |
| Vision Customer ID: | 556090000 |
| Customer name: | Fanny Franco |
| Account address: | 181 GOULD AV, WRWK, RI 028880000 |

10. On October 21, 2020, law enforcement officers executed a federal search warrant issued in the District of Rhode Island for 181 Gould Avenue, Warwick, R.I. During the execution of the search warrant, officers interviewed defendant OWEN BATISTA. After being advised of his *Miranda* rights, BATISTA told officers that he used his younger brother's email address to open the aforementioned LiveMe account. BATISTA further admitted that he shared two links containing child pornography on LiveMe. BATISTA originally stated that he did not know that the links he posted contained child pornography but later admitted that he traded images and videos of child pornography with others through LiveMe.

4

11. While being interviewed by law enforcement officers, BATISTA was asked if he ever had actual sexual contact with a child. BATISTA stated that approximately one year ago, he took nude photographs of his 5 year old female cousin. BATISTA also stated that he took videos of this 5 year old girl performing oral sex on him. BATISTA stated that he sent these photos and videos to another individual on LiveMe.

12. Law enforcement officers identified and seized an iphone and an ipad tablet that belong to defendant BATISTA.  A full forensic analysis of these electronic devices will be conducted. A preliminary review of BATISTA's ipad showed one video of a prepubescent girl engaged in sexual contact with an adult male. BATISTA admitted that he viewed this video a short while before the officers arrived on October 21, 2020. BATISTA claimed, however, that he thought the video was of a "midget" and stated that he was into "midget porn." I have reviewed this video and it is clear that the person involved was not an adult "midget" but rather a prepubescent girl. At one point in the interview, however, BATISTA did state that he believed the girl in the video to be approximately 13-14 years old.

## CONCLUSION

13. Based on the foregoing, I believe there is probable cause to find that: (i) On or about October 21, 2020, in the District of Rhode Island, defendant OWEN BATISTA  possessed child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (Count One); and (ii) On or about August 6, 2020, in the District of Rhode Island, defendant OWEN BATISTA  distributed child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Count Two).

Craig A. Graham
Special Agent

Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.  **Sworn telephonically and signed electronically**

October 21, 2020
*Date*

*Judge's signature*

XXXXXXXXXXXX Barrington RI
*City and State*

Patricia A. Sullivan, US Magistrate Judge
*Printed name and title*